UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF LUTERBACH d/b/a A4X5VIEW.COM, | Civil Action No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| HIAS, INC. d/b/a HEBREW IMMIGRANT AID SOCIETY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

RECEIVED SEP 30 2009 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Jeff Luterbach (hereinafter "Luterbach" or "Plaintiff"), by his undersigned attorneys, Cowan, DeBaets, Abrahams & Sheppard LLP, as and for this Complaint against defendant HIAS, Inc. d/b/a Hebrew Immigrant Aid Society (hereinafter "HIAS" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, a professional photographer, brings this action for copyright infringement against Defendant, a not for profit corporation, based on its unauthorized use of his copyright-protected images in promotional materials including, but not limited to, websites, magazines, DVDs and CD-ROMs. Plaintiff seeks relief under the following grounds: copyright infringement in violation of 17 U.S.C. § 501 *et seq*.; injunctive relief; impoundment and destruction of infringing materials; damages; statutory damages and attorney's fees and costs under 17 U.S.C. §§ 501-505.

2. On July 31, 2007, Plaintiff filed a complaint for copyright infringement and breach of contract against HIAS for substantially the same claims in the United States District Court for the Western District of Oklahoma, which was dismissed without prejudice on

the basis of lack of personal jurisdiction under the caption *Jeff Luterbach d/b/a a4x5view.com v. HIAS Inc. d/b/a Hebrew Immigrant Aid Society* Civil Action No. 5:07-cv-00857-C. Plaintiff's good faith filing of the action in Western District of Oklahoma triggers the doctrine of equitable tolling for the claims brought in this court.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over defendant pursuant to New York CPLR §§ 301 and 302.

4. This Court has subject matter jurisdiction over this matter pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## THE PARTIES

6. Luterbach is an individual residing in Pottawatomie County in the State of Oklahoma and is doing business as a4x5view.com. Luterbach is a professional photographer who creates photographic works for sale and distribution primarily using a 4X5 film camera which produces extraordinarily high quality images.

7. HIAS was at all relevant times a not for profit corporation duly existing under the laws of New York with its principal office or place of business at 333 Seventh Avenue, New York, NY 10001. At all relevant times, HIAS was engaged in the business of providing assistance to Jewish refugees and promoting its activities and raising funds in significant part through the use of Luterbach's photographs.

{A062677.DOC/11}

## FACTS

8. From approximately March 2001 through December 2004, Plaintiff, a photojournalist, traveled to various locations in foreign countries to photograph Jewish individuals and other refugee communities residing in countries such as Argentina, Colombia, Austria and Iraq. Some of the locations were in the midst of political upheaval, and the photographs taken captured the times and memorialized the oppression of these individuals and struggle of their communities to survive.

### Luterbach's Copyright-Protected Images

9. Luterbach owns the copyright in hundreds of images taken during the course of his travels between the years 2001-2004. Luterbach registered these images with the United States Copyright Office under two registrations: The first is titled Collection of Jeffrey Luterbach Travels Registration No. VA 1404040, effective June 15, 2007. This collection of images is comprised of photographs from Luterbach's travels to Colombia, Argentina, Equador and Austria. A copy of the registration certificate is annexed hereto as Exhibit A.

10. The second is titled Collection of Hebrew Refugee Photographs, Registration No. VAu000703091, effective June 15, 2007. This collection of images is comprised of photographs from Luterbach's trip to Iraq. A copy of that registration certificate is annexed hereto as Exhibit B.

### Defendant's Access to Luterbach's Photographs

11. Beginning in 2001, Plaintiff authorized Defendant to use some of the photos for limited times and purposes pursuant to terms of license agreements, but in every case, Defendant continued to use the photographs after the licenses expired and otherwise exceeded the scope of the licenses.

{A062677.DOC/11}

## The Colombia Photographs

12. In 2001, HIAS sought to license a certain number of Luterbach's photographs from a trip to Bogota, Colombia ("the Colombia Photographs"). The photographs captured the economic and personal struggles of Jews in Colombia and were relevant to the work of HIAS with displaced Jews in foreign countries. Luterbach agreed to license the Colombia Photographs to HIAS for use in internal publications, such as its quarterly magazine entitled "Passages" (the "Magazine"), fundraising materials, and the HIAS Website, www.hias.org, (the "Website") for one year only from November 2001 to November 2002. A copy of that license agreement is annexed as Exhibit C.

13. In accordance with the license agreement, HIAS paid a license fee of Fifteen Hundred Dollars ($1500.00) and used the images in the Magazine.

14. HIAS's license to use the Colombia Photographs expired on or about November 2002.

15. In 2003, well after HIAS's license to use the Colombia Photographs expired, Luterbach discovered that many of the Colombia photographs were still being used by HIAS on certain publications including the Magazine, the HIAS DVD, HIAS promotional materials, and on the Website. Examples of the unauthorized uses are annexed as Exhibit D.

16. Luterbach contacted HIAS in 2003 to inform it that continued use of the Colombia Photographs violated the terms of the license and that it had to remove the images or pay additional fees to use the Colombia Photographs on the Website.

17. HIAS refused to remove the Colombia Photographs and failed to pay Luterbach additional fees.

18. Upon information and belief, as of 2009, HIAS continues to use the Colombia Photographs without permission.

### The Argentina Photographs

19. In May 2002, HIAS sought to license certain of Luterbach's photographs of Jewish refugees from a trip to Buenos Aries, Argentina ("the Argentina Photographs"). Luterbach once again agreed to license the images to HIAS for use in internal publications and fundraising propaganda for one year only from May 2002 to May 2003. No additional rights were granted. A copy of that license agreement is annexed as Exhibit E.

20. HIAS paid Luterbach a fraction of the agreed upon license fee. During the license period, HIAS created unauthorized derivative works of the Argentina Photographs and used these unauthorized versions in additional publications and promotional materials and continued to use them after the license had expired. Examples of the unauthorized uses are annexed as Exhibit F.

21. HIAS's license to use the Argentina Photographs expired on or about May 2003.

22. Luterbach contacted HIAS in 2003 to inform them that their continued use of the Argentina Photographs violated the terms of the license and that they had to stop using the images or pay additional fees to use the Argentina Photographs.

23. HIAS refused to remove the Argentina Photographs and failed to pay Luterbach additional fees.

24. Upon information and belief, as of 2009, HIAS continues to use the Argentina Photographs without permission.

{A062677.DOC/11}

## The Austria Photographs

25. In May 2002, HIAS sought to license certain of Luterbach's photographs from a trip to Vienna, Austria ("the Austria Photographs"). Luterbach once again agreed to license the images to HIAS for use in internal publications and for fundraising propoganda for one year only from May 2002 to May 2003. No additional rights were granted. A copy of that license agreement is annexed as Exhibit G.

26. Upon information and belief, HIAS paid Luterbach a fraction of the license fee but still continued to use the Austria Photographs.

27. In 2003, Luterbach discovered that many of the Austria Photographs were still being used by HIAS on certain publications including the Magazine and on the Website. Examples of the unauthorized uses are annexed as Exhibit H.

28. HIAS's license to use the Austria Photographs expired on or about May 2003.

29. Luterbach contacted HIAS in 2003 to inform them that their continued use of the Austria Photographs violated the terms of the license and that they had to stop using the images or pay additional fees to use the Austria Photographs.

30. HIAS refused to remove the Austria Photographs and failed to pay Luterbach additional fees.

31. Upon information and belief, as of 2009, HIAS continues to use the Austria Photographs without permission.

### The NY Board Presentation

32. In May 2002, Luterbach created a photo presentation for use at HIAS board meetings (the "Presentation").

33. The Presentation consisted of a compilation of approximately seventy (70) of the Colombia, Austria, and Argentina Photographs. A representative sample of the Presentation is annexed as Exhibit I.

34. Luterbach licensed the Presentation to HIAS for use in internal publications and fundraising materials for one year only from May 2002 to May 2003. No electronic rights were granted. A copy of the license agreement is annexed as Exhibit J.

35. HIAS's license to use the Presentation expired on or about May 2003.

36. In 2006 Luterbach discovered the Presentation on the Website.

37. Permission to use the Presentation on the Website was never granted.

38. Luterbach contacted HIAS in 2006 to inform them of their unauthorized use.

39. HIAS refused to remove the Presentation and failed to pay Luterbach any additional fees.

40. Upon information and belief, as of 2009, HIAS continues to use the Presentation without permission.

### The Iraq Photographs

41. In 2003, Luterbach accompanied a member of HIAS on a mission to Iraq to search out and rescue Jews who had been "left behind" during the exodus of the Jews in the 1970's. The trip was extremely dangerous, as Iraq was in the midst of an armed conflict.

{A062677.DOC/11}

Luterbach literally risked his life to for this mission in order to photograph and capture the stories of the Jews who were living in extreme conditions of poverty and despair.

42. During this trip Luterbach also documented historical points of interest including all nine of the prophets' tombs as well as several other significant contemporary issues.

43. The photographs and story behind the mission were so compelling that CNN broadcast a segment on this dramatic rescue in October 2004 featuring Luterbach's photographs.

44. In July 2003, Luterbach provided HIAS sample photographs (the "Iraq Photographs") from this trip to Iraq and offered them to HIAS for advertising and promotional use. Luterbach expressly stated that the sample photographs were provided to HIAS "for evaluation purposes only" and that use of the photos would be granted only upon written permission and payment of a license fee.

45. In October 2003, Luterbach was informed that HIAS had been using the Iraq Photographs without his permission. Luterbach contacted the then President of HIAS and informed him that any use of the photos without a proper license was an infringement of his rights as copyright owner. At that time Luterbach also demanded payment for HIAS's use. HIAS refused.

46. Since 2003 HIAS has used and continues to use, the Iraq photographs on the Website, in promotional literature, in presentations and in fundraising advertisements including advertisements in the New York Times. Examples of the unauthorized uses are annexed as Exhibit K. In 2004, Luterbach made a written demand that HIAS cease and desist its use of his images.

{A062677.DOC/11}

47. However, in 2006 Luterbach noticed that his images were once again appearing in the Magazine and throughout the Website. Luterbach sent another cease and desist letter in 2007.

48. In response to this letter, Luterbach received correspondence from an attorney for HIAS advising Luterbach that HIAS refused to pay.

## CLAIM

## INFRINGEMENT OF COPYRIGHT – COPYRIGHT ACT, 17 U.S.C. § 501 *et seq.*

49. Luterbach repeats each allegation contained in paragraphs 1 through 48 of this Complaint.

50. Luterbach's Colombia, Argentina, Austria, Presentation and Iraq photographs, as described above, are referred to collectively as the "Photographs."

51. Defendant has infringed Plaintiff's copyrights in the above-described Photographs by copying, reproducing, displaying and distributing the images on defendant's Website, in promotional materials, videos, DVDs, CD-ROMS, and magazines in violation of Plaintiff's exclusive rights under 17 U.S.C §§ 106 and 501.

52. Luterbach has been and continues to be damaged by Defendant's activities and conduct. Defendant has continued to benefit and unless its conduct is enjoined, Luterbach will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Luterbach seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502.

53. Based on Defendant's activities, Defendant is liable directly, vicariously and/or as a contributory infringer for infringement of Luterbach's registered copyrights in the Photographs.

54. Luterbach is entitled to recover damages, which include its actual losses and any and all profits defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Luterbach may elect to receive statutory damages under 17 U.S.C. § 504(c).

55. Because Defendant's infringements have been and are willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

56. Luterbach is entitled to recover his full costs, including reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor for damages in an amount to be determined at trial for copyright infringement; Defendant's profits resulting from its infringement; statutory damages, if elected, in an amount to be determined at trial; a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Plaintiff owns the copyright in his Photographs and that Defendant has no rights in such photographs; preliminary and permanent injunctive relief; impoundment and destruction of infringing materials; costs and reasonable attorney's fees to the extent allowed by the law; interest, costs, and such other, further, or different relief as the Court deems just and appropriate under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 30, 2009
      New York, New York

                                 COWAN, DeBAETS, ABRAHAMS &
                                 SHEPPARD LLP

By: _____
            Nancy E. Wolff
            Al J. Daniel, Jr.
            Zehra J. Abdi

41 Madison Avenue, 34th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474

Attorneys for Plaintiff